# COMPLAINT

eFiled
10/24/2023 12:42:38 PM
Superior Court
of the District of Columbia

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RONALD H. KLAU,
3733 BENTON STREET NW
WASHINGTON, DC 20007

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,
400 6TH STREET NW
WASHINGTON, DC 20001

    Defendant.

Case 2023-CAB-006540

## COMPLAINT

The District of Columbia intends to forcibly remove Plaintiff Ronald Klau from his home sometime after 12:01 a.m. on Tuesday, October 23, 2023, in violation of the D.C. Human Rights Act, the federal Fair Housing Act, and the federal Americans with Disabilities Act.

## JURISDICTION AND VENUE

1.  Jurisdiction over Plaintiff's claims is conferred on this court by D.C. Code § 11-921, which provides that the Superior Court of the District of Columbia may adjudicate any civil action at law or in equity brought in the District of Columbia. The events giving rise to this claim all occurred in the District of Columbia.

## PARTIES

2.  Plaintiff Ronald Klau is a residential tenant, age 74, renting a single-family home at 3733 Benton St. NW (the "Property"), in the District of Columbia.

3.  He worked as an educational program coordinator at Washington Hospital Center until 1993, and at Georgetown University School of Medicine until 2002.

4.  He has been renting the Property for 36 years, since 1987. Ownership of the Property changed in January 2022, when Renato and Giselda Stalteri bought it for $700,000, for investment purposes.

5.  His rent is $3,000 per month, which he has been paying into a court registry for the past 8 months.

6.  Among his disabilities: He has a mental impairment that prevents him from discarding personal property (he worries that anything he throws away today, he will need tomorrow). The Mayo Clinic calls this "hoarding disorder."

7.  He has also been diagnosed with Chronic Fatigue Syndrome, which is a serious, disabling condition that causes overwhelming fatigue, preventing people from doing their usual activities.

8.  He also sometimes suffers from debilitating anxiety when he is communicating with other people.

9.  The federal government determined Mr. Klau to be a person with a disability, many years ago, in awarding him Social Security Disability benefits.

10. Defendant District of Columbia is a governmental entity established by the District of Columbia Home Rule Act.

**FACTS**

11. On October 2, 2023, Mr. Klau applied for Emergency Rental Assistance, to assist with arrears as he was facing eviction for nonpayment of rent, in landlord-tenant court.

12. The eligibility specialist from Housing Counseling Services handling his application told Mr. Klau and his counsel that when she spoke with Mr. Stalteri, he was "irate," presumably upset to learn that Mr. Klau might be able to become current in rent and avoid eviction.

13. On October 3, 2023, Mr. Stalteri emailed the Department, cc'ing a Council staffer: "This are videos and pictures just taken recently. The house is in danger is not healthy carbon monoxide and more. It should be condemn . Please respond to the email."

14. On October 5, 2023, inspectors from the Department and from D.C. Fire & Emergency Medical

2

Services came to inspect the Property and demanded that Mr. Klau let them in, saying they would call police officers to come assist them if he did not. He did let them in, apparently just before the police officers would have arrived.

15. On Thursday, October 12, 2023, the landlord's agent informed Mr. Klau that he expected the Department of Buildings housing inspection supervisor to "placard the building" the following day or on Monday, October 16, 2023, giving Mr. Klau seven days to get himself and anything he needs out of the Property.

16. Counsel for Mr. Klau called the Department of Buildings housing inspection supervisor immediately.

17. In explaining the imminent decision to deem the property "unsafe," the District's housing inspections supervisor said in part, on October 12, 2023: "It's horrible. … You don't get into the door. … He's raggedy. … His pants have not been changed for maybe two years. … There's a hoarding situation. … horrible, horrible conditions … , he [had] 30 years to clean up – why did he wait for me? …  He's got one week. …. He has to go away." Maybe to a Virginia shelter, he said.

18. The conditions at the Property were such that a housing inspector with minimal training would perceive Plaintiff to at least likely suffer from a disability. Since 1998, federal law provides that people with disabilities – and people perceived to suffer from a disability – are allowed to live in our communities. They do not have to "go away" because of their disability.

19. On October 13, 2023, D.C. Fire & Emergency Medical Services Inspector Niggora Moye said Mr. Klau just needs to let DC FEMS install two smoke detectors, and work to reduce the fire load… but DC FEMS would not being closing the property: "We're not in the business of throwing people out of their house."

20. On October 13, 2023, having received oral confirmation from the Department that it intended on Monday, October 16, 2023, to issue an Order to Vacate in seven days, Mr. Klau told the Department

of Buildings, in writing, that he has a disability. He asked, as an accommodation for "a disability that will make any loss of housing especially traumatic for him," that the Department provide him 1) information in writing about what the District believed needed to be repaired, and 2) time to address those repair needs.

21. Mr. Klau's counsel wrote to the Department on October 13, 2023: "He is asking you to accommodate his disability by providing clear information, in writing, about the purported safety concerns, and a reasonable amount of time to address those concerns before being forced to leave his home. … Please consider any and all alternatives to forced homelessness. If there are specific safety concerns, let us know what they are, so we can discuss them and figure out a way to address them as quickly as possible."

22. Mr. Klau's counsel asked the Department to "please contact me to discuss this request, as required by federal and local fair housing law."

23. On October 15, 2023, by email, the Department summarily denied Mr. Klau's requests for accommodation, without the required dialogue about the substance of Mr. Klau's request.

24. The Department denied the reasonable accommodation request without asking Mr. Klau or his counsel for any information about Mr. Klau's disability.

25. The Department said it was not required to take Mr. Klau's disability into consideration in deciding whether to order him to leave his home in seven days.

26. The Department denied the request without addressing Mr. Klau's request for additional time to address the Department's concerns.

27. On October 16, 2023, the Department issued an Order to Vacate, saying the property had "unsanitary conditions, trash and debris, bathroom and kitchen are unclean, a portion of the rear structure is unsafe. It has deteriorated, damaged, not repaired or supported, not maintained. Due to these

conditions, the structure has been deemed uninhabitable and unsafe."

28. Upon information and belief, the Department only issued the Order to Vacate because of issues directly related to Mr. Klau's disability: If the only issue were repairs needed to the back wall and if Mr. Klau had no disability, the Department would not have issued an Order to Vacate.

29. Indeed, the back wall issues have been identified by the Department since at least May 2021, and, upon information and belief, the Department has never once issued an Order to Vacate, nor has it ever undertaken any repairs itself, imposing costs on the owner.

30. The only difference now is that the new owner on October 3, 2023, a day after Mr. Klau applied for emergency rental assistance, asked the Department to evict Mr. Klau, which it then promptly began to do.

31. Mr. Klau has informed the District that he needs help reducing the clutter in his home, and that a neighbor last week began helping him do so.

32. Instead, the District has opted for the easier way to deal with him: drag him out, like so much trash.

33. This eviction action will cause Mr. Klau to be separated from his possessions and from a home that has been his place of safety for more than thirty years.

34. The Department says Mr. Klau will be given access to a hotel room of its choosing for fourteen days. After those fourteen days, he will be on his own. If he has not found a new place to live, he can avail himself of the streets, or various shelters for the unhoused, in the District, or in neighboring jurisdictions. The Department knows that Mr. Klau is unlikely to find new housing within fourteen days, a very difficult task for someone of limited financial means.

35. This is not how a civilized, humane society treats its elderly citizens.

36. This is not how a civilized, humane society treats its citizens with disabilities.

37. First they came for the socialists, and I did not speak out—because I was not a socialist.

5

Then they came for the trade unionists, and I did not speak out—because I was not a trade unionist.

Then they came for the Jews, and I did not speak out—because I was not a Jew.

Then they came for me—and there was no one left to speak for me. —Martin Niemöller.

38. Mr. Klau asks the Court to enjoin the District of Columbia from enforcing its Order to Vacate.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATIONS OF THE D.C. HUMAN RIGHTS ACT

39. Plaintiff incorporates by reference paragraphs 1-37.

40. It is "an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the actual or perceived ... disability ... of any individual: … (4) To refuse or restrict facilities … for a tenant or lessee." D.C. Code 2-1402.21(a)(4). See also D.C. Code 2-1402.21(d)(2)(A) (unlawful to discriminate because of a disability in the terms, conditions, or privileges of rental of a dwelling or in the provision of services or facilities in connection with the dwelling).

41. The prohibitions on discrimination in the D.C. Human Rights Act apply to government agencies. See, e.g., *George Wash. Univ. v. D.C. Bd. of Zoning Adjustment*, 831 A.2d 921 (D.C. 2003). And *2922 Sherman Ave. Tenants' Ass'n v. District of Columbia*, 370 U.S. App. D.C. 328, 341, 444 F.3d 673, 686 (2006) (the D.C. Court of Appeals has held that subsection 2-1402.21(a)(4) applies to actions by District agencies, including actions not specifically mentioned in the Act's definition of real estate transactions).

42. "A refusal to make reasonable accommodations in rules, policies, practices, or services, when these accommodations may be necessary to afford any person equal opportunity to use and enjoy a dwelling" constitutes unlawful discrimination on the basis of disability. D.C. Code 2-1402.21(d)(3)(B).

6

43. It is "an unlawful discriminatory practice for a District government agency or office to limit or refuse to provide any facility, service, program, or benefit to any individual on the basis of an individual's actual or perceived … disability." D.C. Code 2-1402.73.

44. In issuing its Order to Vacate, the District of Columbia violated these provisions of the D.C. Human Rights Act.

45. In summarily denying Mr. Klau's requests to accommodate his disability by giving him time to address concerns before being displaced, the District of Columbia violated these provisions of the Human Rights Act.

### COUNT II: VIOLATIONS OF THE FAIR HOUSING ACT

46. Plaintiff incorporates by reference paragraphs 1-37.

47. The federal Fair Housing Act makes it unlawful to "To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap," 42 U.S.C.S. § 3604(f).

48. See, generally, *Douglas v. Kriegsfeld Corp.*, 884 A. 2d 1109 (D.C. 2005) (en banc) (tenant has right to additional time to make apartment clean, as a reasonable accommodation under the Fair Housing Act).

49. The phrase "otherwise make unavailable" has been interpreted to reach a wide variety of discriminatory housing practices, including discriminatory zoning restrictions. *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 424 (2d Cir. 1995).  See also *2922 Sherman Ave. Tenants' Ass'n v. District of Columbia*, 370 U.S. App. D.C. 328, 332, 444 F.3d 673, 677 (2006) (reversing trial court denial of disparate treatment claim under Fair Housing Act against District of Columbia, for enforcing housing code and closing buildings in a discriminatory manner).

50. In issuing its Order to Vacate, the District of Columbia violated the Fair Housing Act.

51. In summarily denying Mr. Klau's requests to accommodate his disability by giving him time to address concerns before being displaced, the District of Columbia violated the Fair Housing Act.

## COUNT III: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

52. Plaintiff incorporates by reference paragraphs 1-37.

53. The federal Americans with Disabilities Act prohibits state agencies from discriminating against tenants on the basis of their disability.

54. "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S. Code § 12132.

55. In issuing its Order to Vacate, the District of Columbia violated the Americans with Disabilities Act.

56. In summarily denying Mr. Klau's requests to accommodate his disability by giving him time to address concerns before being displaced, the District of Columbia violated the Americans with Disabilities Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enjoin Defendant from enforcing the Order to Vacate;

B. Award Plaintiff compensatory and punitive damages for violating federal and local fair housing laws;

C. Award Plaintiff reasonable attorney's fees pursuant to the various fee-shifting provisions of the above federal and local fair housing laws; and

D. Grant such other relief as justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

_____
Marc Borbely, D.C. Bar #489871
D.C. Tenants' Rights Center
1115 Massachusetts Ave. NW, Suite 300
Washington, DC 20001
202-681-6871 (p)
borbely@dcTenants.com

*Counsel for Plaintiff*

# MOTION FOR PRELIMNARY INJUNCTION

eFiled
10/24/2023 3:36:50 PM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RONALD H. KLAU,
3733 BENTON STREET NW
WASHINGTON, DC 20007

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,
400 6TH STREET NW
WASHINGTON, DC 20001

    Defendant.

Case No. 2023-CAB-006540

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff incorporates the allegations in the Complaint and respectfully requests a Preliminary

Injunction, enjoining Defendant from enforcing an Order to Vacate that it issued on Monday, October

16, 2023.

Respectfully submitted,

Marc Borbely, D.C. Bar #489871
D.C. Tenants' Rights Center
1115 Massachusetts Ave. NW, Suite 300
Washington, DC 20001
202-681-6871 (p)
borbely@dcTenants.com

*Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

I certify that I emailed a copy of the Complaint, Application for TRO, and Motion for

Preliminary Injunction to Erik Cox, Esq., counsel for Defendant.

Respectfully submitted,

Marc Borbely, D.C. Bar #489871
D.C. Tenants' Rights Center
1115 Massachusetts Ave. NW, Suite 300
Washington, DC 20001
202-681-6871 (p)
borbely@dcTenants.com

*Counsel for Plaintiff*

4

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RONALD H. KLAU,
3733 BENTON STREET NW
WASHINGTON, DC 20007

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,
400 6TH STREET NW
WASHINGTON, DC 20001
    Defendant.

Case No. 2023-CAB-006540

## <u>ORDER</u>

Upon consideration of Plaintiff's Application for TRO / Motion for Preliminary Injunction, and

any opposition, the Motion is GRANTED; and it is therefore

ORDERED that Defendant enforcement of the Order to Vacate that Defendant issued on October

16, 2023, is STAYED until further order of the Court.

_____
Judge

5

# MOTION FOR TEMPORARY RESTRAINING ORDER

eFiled
10/24/2023 3:36:50 PM
Superior Court
of the District of Columbia

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

2023-CAB-006540

RONALD H. KLAU,
3733 BENTON STREET NW
WASHINGTON, DC 20007
  Plaintiff,
      v.                                    Case No. 2023-CAB-006540

DISTRICT OF COLUMBIA,
400 6TH STREET NW
WASHINGTON, DC 20001
  Defendant.

## **APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff incorporates the allegations in the Complaint and respectfully requests a Temporary

Restraining Order, enjoining Defendant from enforcing an Order to Vacate that it issued on Monday,

October 16, 2023, requiring Defendant to vacate his home no later than Monday, October 23, 2023.

Enforcement of that Order has been stayed until the afternoon on Wednesday, October 25, 2023.

Plaintiff is likely to succeed on the merits, as the District has unlawfully denied Plaintiff's

request for additional information and time to cure issues, as a reasonable accommodation for his

disability. It is in the public interest to protect the housing rights of people with disabilities. Mr. Klau

would have a far greater hardship if this Application is denied, than the hardship to the District if it is

granted. The District apparently is seeking to evict him immediately for his own good. Plaintiff would

suffer irreparable harm if made homeless.

Plaintiff requests a hearing on **Tuesday, October 24, 2023, or the morning of Wednesday,**

**October 25, 2023**, as Defendant has said it plans to forcibly remove him and board up the home,

sometime after Wednesday.

Respectfully submitted,

*[signature]*

_____
Marc Borbely, D.C. Bar #489871
D.C. Tenants' Rights Center
1115 Massachusetts Ave. NW, Suite 300
Washington, DC 20001
202-681-6871 (p)
_____ borbely@dcTenants.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I emailed a copy of the Complaint, Application for TRO, and Motion for

Preliminary Injunction to Erik Cox, Esq., counsel for Defendant.


Respectfully submitted,

_____
Marc Borbely, D.C. Bar #489871
D.C. Tenants' Rights Center
1115 Massachusetts Ave. NW, Suite 300
Washington, DC 20001
202-681-6871 (p)
_____ borbely@dcTenants.com

*Counsel for Plaintiff*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RONALD H. KLAU,
3733 BENTON STREET NW
WASHINGTON, DC 20007

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,
400 6TH STREET NW
WASHINGTON, DC 20001
    Defendant.

Case No. 2023-CAB-006540

## <u>ORDER</u>

Upon consideration of Plaintiff's Application for TRO / Motion for Preliminary Injunction, and any opposition, the Motion is GRANTED; and it is therefore

ORDERED that Defendant enforcement of the Order to Vacate that Defendant issued on October 16, 2023, is STAYED until further order of the Court.

_____
Judge

5

# ORDER SCHEDULING HEARING

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Judge-in-Chambers**

|                          |   |                        |
|--------------------------|---|------------------------|
|                          | : |                        |
| **RONALD KLAU,**         | : |                        |
|    **Plaintiff,**        | : | **Case No. 2023 CAB 6540** |
|                          | : |                        |
| **v.**                   | : | **NEXT EVENT:**        |
|                          | : | **Show Cause Hearing** |
| **DISTRICT OF COLUMBIA,** | : | **10/25/23, 9:00 AM**  |
|    **Defendant.**        | : | **Judge-in-Chambers**  |
|                          | : |                        |
|                          | : |                        |

## <u>ORDER SCHEDULING HEARING</u>

On October 24, 2023, Plaintiff filed an Application for Temporary Restraining Order.

The Application for Temporary Restraining Order states that Plaintiff will be evicted from his

home in the afternoon of October 25, 2023. Therefore, the Court will schedule an emergency

hearing on Plaintiff's Application for Temporary Restraining Order.

Wherefore, it is this 24th day of October 2023, hereby

**ORDERED** that the hearing on Petitioner's Application for Temporary Restraining

Order is set for October 25, 2023, at 9:00 AM. The remote courtroom information is attached.

Shana Frost Matini, Associate Judge
Sitting in Judge-in-Chambers

Copies via email to:

Marc Borbely
*Counsel for Plaintiff*

Stephanie Litos
Chad Copeland
Office of the Attorney General for the District of Columbia

# Civil Remote Hearing Instructions for Participants

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in the **Remote Courtroom 400.**

When connecting to the WebEx System, there are several options to connect to the court hearing remotely. Please follow the instructions below:

**AUDIO ONLY:**  **(Dial-in by Phone)**

    **1.** Dial the toll free number: 1 (844) 992-4726 or (202) 860-2110

    **2.** Meeting ID: **129 339 7379#**, press # again to enter session.

       • *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and Meeting ID provided and the courtroom clerk will mute your call until the appropriate time*

If you use the Laptop/Desktop Options, use the **Audio Alternative** *

**LAPTOP/DESKTOP USERS:**

**Option 1:**

    1. Open Web Browser in Google Chrome
    2. Copy and paste the following address: https://dccourts.webex.com/meet/ctb400

          **OR**
**Option 2:**

    1. Open Web Browser in Google Chrome
    2. Copy and paste the following address: https://dccourts.webex.com
    3. Select Join
    4. Enter the Meeting ID:  **129 339 7379**



**\*AUDIO ALTERNATIVE:**  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **MEETING ID#** so that your audio is matched with your video.

**IPAD/SMARTPHONE/TABLET:**

1. Go to App Store, Download WebEx App (Cisco WebEx Meetings)
2. Sign into the App with your Name and Email Address
3. Select Join Meeting
4. Enter:  https://dccourts.webex.com/meet/ctb400
5. Click join and make sure your microphone is muted and your video is unmated (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
6. When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

For Technical Questions or Issues Call:
(202) 879-1928, Option 2

# NOTICE OF WITHDRAWL OF MOTIONS FOR PREMILINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RONALD H. KLAU,

    Plaintiff,

  v.

DISTRICT OF COLUMBIA,

  Defendant.

2023-CAB-006540
Judge Maurice Ross
Next Court Date: 10/30/23
Event: TRO Hearing

## PRAECIPE TO WITHDRAW APPLICATION FOR TRO AND MOTION FOR PRELIMINARY INJUNCTION

The clerk shall please note that Plaintiff <u>withdraws</u> his Application for Temporary Restraining Order, filed October 24, 2023, and his Motion for Preliminary Injunction, also filed October 24, 2023. For the moment, there is no immediate threat that the District will enforce its Order to Vacate the property. Plaintiff will refile his Application and Motion at a later date, should it become necessary.

The TRO hearing scheduled for 11:30 a.m. on October 30, 2023, <u>can be vacated</u>.

Respectfully submitted,

Marc Borbely, D.C. Bar #489871
D.C. Tenants' Rights Center
1115 Massachusetts Ave. NW, Suite 300
Washington, DC 20001
202-681-6871 (p)
borbely@dcTenants.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that I am filing the foregoing via Odyssey, this 25th day of October, 2023, and that this

filing will cause a copy of the foregoing to be served on Amanda Pescovitz, counsel for Defendant.

Respectfully submitted,

_____
Marc Borbely, D.C. Bar #489871
D.C. Tenants' Rights Center
1115 Massachusetts Ave. NW, Suite 300
Washington, DC 20001
202-681-6871 (p)
borbely@dcTenants.com

*Counsel for Plaintiff*

2

# ORDER GRANTING REQUEST TO WITHDRAW MOTIONS

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Judge-in-Chambers**

|                          |   |                                          |
|--------------------------|---|------------------------------------------|
|                          | : |                                          |
| **RONALD KLAU,**         | : | **Case No. 2023 CAB 6540**               |
| **Plaintiff,**           | : |                                          |
|                          | : | **NEXT EVENT:**                          |
| **v.**                   | : | **Remote Initial Scheduling Conference** |
|                          | : | **1/26/24, 9:30 AM**                     |
| **DISTRICT OF COLUMBIA,** | : | **Judge M. Ross, Courtroom 100**        |
| **Defendant.**           | : |                                          |
|                          | : |                                          |

<u>**ORDER GRANTING PLAINTIFF'S REQUEST TO WITHDRAW THE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**</u>

This case was before the Court for a temporary restraining order hearing on October 25, 2023. Counsel for Plaintiff and the District of Columbia appeared at the virtual hearing and requested that the hearing be continued to Monday, October 30, 2023. While the Court initially granted the oral request of the parties and continued this matter to October 30, 2023 at 11:30 a.m., counsel for Plaintiff later communicated to Chambers that Plaintiff's seeks to withdraw his Motion for a Temporary Restraining Order and Preliminary Injunction. Thus, the Court vacates its prior Order that continued the matter to Monday, October 30, 2023 at 11:30 a.m.

Therefore, it is by the Court this 25th day of October 2023, hereby:

**ORDERED** that Plaintiff's request to withdraw the Motion for a Temporary Restraining Order and Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the case shall proceed to the Remote Initial Scheduling Conference on January 26, 2024, at 9:30 a.m., before Judge Maurice Ross. Plaintiff shall cause a copy of this Order to be served upon Defendant and file the proof of service prior to the next hearing.

Shana Frost Matini, Associate Judge
Sitting in Judge-in-Chambers

Copies via email to:

Marc Borbely
Counsel for Plaintiff

Amanda Pescovitz
Honey Morton
Office of the Attorney General for the District of Columbia